UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| DEIDRE BROWN, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>**}**<br>                    Plaintiff,        }<br>          v                          }<br>                                      }<br>LAW OFFICES OF STEVEN COHEN LLC, }<br>STEVEN COHEN, LVNV FUNDING LLC,  AND }<br>SHERMAN FINANCIAL GROUP, LLC, }<br>                                      }<br>                    Defendants.     } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Deidre Brown [hereinafter "Brown"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Law Offices of Steven Cohen LLC [hereinafter "Steven Cohen, LLC"], Steven Cohen [hereinafter "Cohen"], LVNV Funding LLC [hereinafter "LVNV"], and Sherman Financial Group, LLC [hereinafter "Sherman"], collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district.  Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also

derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Brown is a natural person who resides at 263 W. 153rd Street, Apt. 6N, NY 10039.

6. Brown is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 15, 2017, the Marshal of the City of New York served an Income Execution on Brown.

8. Brown received the Income Execution on or about February 20, 2017.

9. Steven Cohen, LLC issued the Income Execution to the Marshal for service on Brown in an attempt to enforce a Judgment.

10. The past due debt which is the subject of the aforementioned Judgment arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Steven Cohen, LLC is a New York Professional Limited Liability Company located at 540 East 180th Street, Suite 203, Bronx, NY 10457.

12. The principal purpose of Steven Cohen, LLC is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. Steven Cohen, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

15. Cohen is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Cohen therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Cohen is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

16. Cohen is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

17. LVNV is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

18. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Resurgent

possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

19. Based upon Exhibit A and upon LVNV possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of LVNV is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

20. Based upon the allegations in the above three paragraphs, LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

22. The principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

23. Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

25. Prior to the issuance of the Income Execution, the Judgment had been assigned from the original Judgment Creditor to LVNV without any notice to Brown.

26. Based on the above, the use of the Income Execution to attempt to enforce the Judgment amounted to a violation by Defendants of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. §1692f , and 15 U.S.C. § 1692f(1).

## SECOND CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

28. Prior to the issuance of the Income Execution, Steven Cohen, LLC never had communicated with Brown.

29. Based on the above, the service of the Income Execution on Brown amounted to a violation by Defendants of 15 U.S.C. § 1692g.

## THIRD CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23.

31. The Judgment was void; and therefore, there was no legal right to maintain the Judgment and/or serve the Income Execution on Brown in an attempt to enforce the Judgment.

32. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

34. The class consists of (a) all natural persons (b) who received an Income Execution issued by Steven Cohen, LLC within a year of the filing of this lawsuit.

35. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

37. The predominant common question is whether Defendant's letters violate the FDCPA.

38. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

39. A class action is the superior means of adjudicating this dispute.

40. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:	February 15, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709